An examination of the bill of particulars furnished by the defendant in response to the original order shows that it was a complete compliance therewith, and to fulfill the requirements of the last order would necessitate the furnishing by defendant of the names of his witnesses and other matters of evidence, which is not within the scope of a bill of particulars.

Order reversed, with $10 costs and disbursements. All concur.

---

## FREEDMAN v. PRESS PUB. CO.

(Supreme Court, Appellate Term. June 25, 1909.)

TRIAL (§ 119*)—MISCONDUCT OF COUNSEL.

It was prejudicial misconduct of plaintiff's counsel, in an action for defendant's team running into plaintiff, in which the evidence was conflicting, to persistently attempt, by argument and questions to witnesses, to bring before the jury the fact of defendant's driver having been arrested, arraigned, and fined, which said counsel stated he conceded had nothing to do with the case.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 119.*]

Appeal from City Court of New York, Trial Term.

Action by Annie Freedman against the Press Publishing Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Frank V. Johnson, for appellant.
Henry L. Slobodin, for respondent.

SEABURY, J. This action is brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. As the plaintiff left a north-bound street car at the uptown corner of Fourth street and the Bowery, and was walking toward the sidewalk, she was struck and knocked down by a horse and wagon driven by the servant of the defendant.

This judgment should be reversed because of the persistent attempts of the plaintiff's attorney to bring improper evidence before the jury. In his opening address to the jury, counsel for the plaintiff stated that the driver had been arrested. Defendant's counsel moved for the withdrawal of a juror; but the motion was not granted. In response to this motion, counsel for the plaintiff said:

"I concede that it has nothing to do with the case; but it is a fact."

Thus, while conceding its immateriality, he reiterated the improper statement. Upon the cross-examination of the driver, counsel for the plaintiff asked him if he had been arrested. To this question defendant's counsel objected, and the court said:

"I rule it out. Strike out the testimony on that subject."

---

Subsequently the court stated that it would allow the witness "to state what was done," and the witness replied to this question: "I was arrested." Counsel for the plaintiff then asked the witness: "Were you arraigned before the magistrate?" This question was objected to, and allowed by the court, and the defendant excepted. Although it does not appear that the witness answered this question, it was clearly improper for the counsel for the plaintiff to have asked it. Counsel for the plaintiff then asked the witness whether he was fined. Defendant's counsel objected, and the court sustained the objection, and the defendant's counsel again moved to have the trial declared a mistrial, "on the ground that evidence had been introduced prejudicial to the rights of the defendant." The court denied the motion, and the defendant duly excepted.

We think that the repeated attempts of plaintiff's counsel to bring before the jury the fact that the defendant's driver had been arrested after the accident constituted not only misconduct on his part, but that in this case, where evidence was conflicting, it was prejudicial to the rights of the defendant. The questions propounded by the plaintiff's counsel which are quoted above disclose a deliberate purpose to bring improper evidence before the jury. The plaintiff's counsel persisted in this purpose, although the learned court ruled that the evidence should be excluded, and the plaintiff's counsel himself stated that he conceded "that it has nothing to do with the case."

The deliberate and persistent attempt of the plaintiff's counsel to prejudice the jury against the defendant by propounding improper questions is worthy of condemnation. A verdict cannot stand unless it is the result of a fair trial, and when a persistent attempt has been made to arouse the prejudice of the jury it cannot be said that a fair trial has been had.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.